JS-6

# United States District Court
# Central District of California
# Western Division

| | |
|---|---|
| DERYL WALL, *et al.*, | CV 16-01341 TJH (JPRx) |
| Plaintiffs, | |
| v. | Order |
| FCA US LLC, | |
| Defendant. | |

The Court has considered the motion for summary judgment [dkt. #70] filed by Defendant FCA US LLC ["FCA"]; the motion to amend the class definition, certify the class, and appoint class representatives [dkt. #71] filed by Plaintiffs David Goldsmith and Michael Vincent Nathan Jr; and the motion for sanctions and to strike Goldsmith and Nathan's motion to amend the class definition, certify the class, and appoint class representatives [dkt. #76] filed by FCA; together with the moving and opposing papers.

On June 23, 2016, Plaintiffs Justine Andollo, Joby Hackett, Danielle Hackett, and Deryl Wall filed this class action against FCA for allegedly defective monostable shifters in certain vehicles.

On October 14, 2016, the Judicial Panel for Multidistrict Litigation ["JPML"]

transferred this case to the Eastern District of Michigan ["MDL Court"], where it was consolidated with other economic loss cases arising out of the allegedly defective monostable shifters.

On January 10, 2020, the MDL Court conditionally certified a class of all purchasers and lessees of 2012-2014 Dodge Chargers, 2012-2014 Chrysler 300s, and 2014-2015 Jeep Grand Cherokees ["the Class Vehicles"] with a monostable shifter, for vehicles purchased or leased in 21 different states, excluding people and entities who filed bodily injury claims against FCA caused by the Class Vehicles. The class was certified for the determination of three common issues. On May 7, 2024, without considering the three common issues for the California purchasers and lessees, the MDL Court remanded this case back to the Central District of California.

Though the other proceedings of the MDL Court were extensive, they are not relevant to the jurisdictional issue discussed below. Consequently, the Court will not summarize those other proceedings.

On June 21, 2024, Goldsmith and Nathan filed a Second Amended Complaint against FCA.

Goldsmith and Nathan, now, move to amend the class definition to all persons or entities who purchased or leased a Class Vehicle between January 1, 2011, and April 22, 2016, in California, and to appoint themselves as the named class representatives. Further, FCA, now, moves for summary judgment, for sanctions and to strike Goldsmith and Nathan's motion to amend the class definition.

**Subject Matter Jurisdiction**

In its motion for summary judgment, FCA argued that Goldsmith and Nathan lack standing, here, in that they did not suffer an injury-in-fact because their requested damages are the amount that they allegedly overpaid at the time that they leased or purchased their Class Vehicles.

Because standing is a challenge to subject matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1), the Court will construe FCA's motion for summary judgment as

a motion to dismiss for lack of subject matter jurisdiction.

A defendant may challenge standing at any stage of litigation. *Wood v. City of San Diego*, 678 F.3d 1075, 1082 (9th Cir. 2012). When a defendant challenges standing, the plaintiffs have the burden to establish that they do, indeed, have standing. *See Gill v. Whitford*, 138 S. Ct. 1916, 1933-34 (2018).

To have standing, plaintiffs must show that they suffered an injury-in-fact that is fairly traceable to the challenged conduct of the defendant, and that the injury-in-fact can be redressable by a favorable judicial decision. *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). An injury-in-fact is an invasion of a legally protected interest that is concrete and particularized, and actual or imminent, not conjectural or hypothetical. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Here, Goldsmith and Nathan argued that they suffered an injury-in-fact because they allegedly overpaid at the time that they leased or purchased their Class Vehicles.

In *Birdsong v. Apple, Inc.*, 590 F.3d 955 (9th Cir.), the Ninth Circuit Court of Appeals held that the plaintiffs' alleged overpayment at the time that they purchased their iPods did not constitute an injury-in-fact. There, the plaintiffs alleged that their iPods were defective because they could be played at volumes that could cause hearing loss and that they lacked noise cancelling properties. *Birdsong,* 590 F.3d at 958. Those plaintiffs argued that their iPods' inherent risk of hearing damage reduced the value of their purchased iPods and deprived them of the benefit of their bargain. *Birdsong,* 590 F.3d at 961. The Ninth Circuit concluded that the alleged loss in value was based on a hypothetical risk of hearing loss to other customers who may or may not use their iPods in a risky manner, and that there was no standing because the potential for damages was not concrete and particularized, and was not actual or imminent. *Birdsong*.

Goldsmith and Nathan argued, here, that the monostable shifter is defective because it could be used in a dangerous way in that it lacks a physical gear position that could mitigate that danger by notifying drivers which gear their vehicle is in.

Goldsmith and Nathan's argument that the monostable shifter could malfunction and their Class Vehicles could shift while driving is conjectural and hypothetical because there have been no injuries. That is not sufficient to confer standing. *See Birdsong*. Based on *Birdsong*, Goldsmith and Nathan did not suffer an injury-in-fact, and, therefore, lack standing.

Generally, when the named class representatives lack standing, another class member may be substituted in. *See Bates v. United States Parcel Service, Inc.*, 511 F.3d 974, 9876 (9th Cir. 2007). However, Goldsmith and Nathan have acknowledged that the only injury suffered by all of the putative California class members is the alleged overpayment for their Class Vehicles. Because that alleged overpayment is not an injury-in-fact, *see Birdsong,* 590 F.3d at 961, none of the putative California class members would have standing, *see Bates*.

Consequently, this case must be dismissed for lack of subject matter jurisdiction.

Accordingly,

𝔍𝔱 𝔦𝔰 𝔒𝔯𝔡𝔢𝔯𝔢𝔡 that this case be, and hereby is, 𝔇𝔦𝔰𝔪𝔦𝔰𝔰𝔢𝔡 for lack of subject matter jurisdiction.

𝔍𝔱 𝔦𝔰 𝔣𝔲𝔯𝔱𝔥𝔢𝔯 𝔒𝔯𝔡𝔢𝔯𝔢𝔡 that all of the remaining motions be, and hereby are, 𝔇𝔢𝔫𝔦𝔢𝔡 as moot.

Date: June 27, 2025

_____
Terry J. Hatter, Jr.
Senior United States District Judge